UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

| | |
|---|---|
| Asociación de Exportadores e Industriales de Aceitunas de Mesa; <br> Agro Sevilla Aceitunas S. Coop. And., <br> Angel Camacho Alimentación, S.L., <br><br>                Plaintiffs, <br><br>                v. <br><br>  United States, <br>                Defendant. | Court No. 23-00039 |

**COMPLAINT**

Plaintiffs, Asociación de Exportadores e Industriales de Aceitunas de Mesa ("ASEMESA"); Agro Sevilla Aceitunas S. Coop. And. ("Agro Sevilla"), and Angel Camacho Alimentación, S.L. ("Camacho") (collectively the "Plaintiffs"), by and through their counsel, hereby allege and state the following:

**JURISDICTIONAL STATEMENT**

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because the action is commenced under Section 516A of the Tariff Act of 1930, as amended, 19 U.S.C.§ 1516a.  This action contests the implementation of a determination issued by the U.S. Department of Commerce ("Commerce" or the "Department") under Section 129 of the Uruguay Round Agreements Act regarding the countervailing duty ("CVD") investigation of Ripe Olives from Spain.  (Case No. C–469–818).  *See Ripe Olives From Spain:*

*Implementation of Determination Under Section 129 of the Uruguay Round Agreements Act*, 88 Fed. Reg. 3,384 (Jan. 19, 2023) ("Section 129 Determination").

2. Commerce's analysis of issues raised in the Section 129 Determination is contained in a Memorandum, *Ripe Olives from Spain: Final Section 129 Determination Regarding the Countervailing Duty Investigation*, issued on December 20, 2022. ("*Section 129 Final Determination*").

## STANDING OF PLAINTIFFS

3. Plaintiff ASEMESA is a "business association a majority of the members of which are producers, exporters, or importers of such merchandise," as described in Section 771(9)(A) and 516A(f)(3) of the Act, 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3). Agro Sevilla and Angel Camacho are foreign producers and exporters of subject merchandise. All three were parties in the Section 129 administrative proceeding now being challenged. Plaintiffs are therefore interested parties within the meaning of 19 U.S.C. §1677(9)(A) and 1516a(f)(3).

4. Plaintiffs have standing to commence this action pursuant to 19 U.S.C. §1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5. Commerce published notice of the contested determination on January 19, 2023. *See* 88 Fed. Reg. 3,384. This action was commenced with the filing of the Summons on February 16, 2023, within 30 days after publication of the Final Results. This complaint is being filed within 30 days of the Summons. Accordingly, this action is timely filed under 19 U.S.C. § 1516a(a)(2)(A)(i)(III).

## STATEMENT OF FACTS

    a. **The original CVD determination**

6. Commerce's original determination in the CVD investigation of Ripe Olives from Spain was published in June 2018. *See Ripe Olives From Spain: Final Affirmative Determination of Sales at Less Than Fair Value,* 83 Fed. Reg. 28,193 (June 18, 2018) and accompanying Final Issues & Decision Memo. The final results were amended in *Ripe Olives from Spain: Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order*, 83 Fed. Reg. 37,469 (Aug. 1, 2018). ("Commerce's original determination"). Among the key determinations made by Commerce, it found that the conditions set forth in Section 771B of the Tariff Act of 1930, 19 U.S.C. § 1677-2, were satisfied, permitting it to attribute subsidies received by growers of raw olives to the responding processors of ripe olives that were subject to the investigation. *Issues and Decision Memorandum for the Final Determination in the Countervailing Duty Investigation of Ripe Olives from Spain*, at 21-22.

    b. **WTO dispute settlement proceedings**

7. On January 31, 2019, the Delegation of the European Union requested consultations with the United States concerning the imposition of CVD and anti-dumping ("AD") duties on ripe olives from Spain.

8. The consultations took place in Geneva on March 20, 2019 and failed to resolve the dispute. On May 17, 2019, the European Union requested the establishment of a Panel within the Dispute Settlement Body ("DSB") of the World Trade Organization ("WTO"). *Request for the establishment of a panel by the European Union*, WT/DS577/3 (May 17, 2019). The

Panel was established at the meeting of the DSB on June 24, 2019 and constituted on October 18, 2019. *Constitution of the Panel Established at the Request of the European Union*, WT/DS577/4 (Oct. 21, 2019).

9. On November 19, 2021 the Panel circulated its report. The Panel found, *inter alia*, that (1) Section 771B of the Tariff Act of 1930, 19 U.S.C. § 1677-2, is inconsistent, as such, with Article VI:3 of the GATT 1994 and Article 10 of the SCM Agreement; and (2) the affirmative application of Section 771B in the Ripe Olives from Spain investigation, Commerce's final determination and resulting CVD order is also inconsistent. *Report of the Panel in United States- Anti-dumping and Countervailing Duties on Ripe Olives from Spain*, at pp. 44-45, WT/DS577/R (Nov. 19, 2021).

10. On December 20, 2021, the DSB adopted the panel report. *Action by the Dispute Settlement Body*, WT/DS577/9 (Dec. 21, 2021). Later, on January 19, 2022, the United States informed the DSB of its intention to implement the panel's recommendations. *Communication from the United States to the Chairperson of the DSB*, WT/DS577/10 (Jan. 24, 2022).

   c. **Section 129 proceedings**

11. On July 5, 2022, the U.S. Trade Representative requested that Commerce initiate a proceeding under section 129 of the Uruguay Round Agreements Act to address the DSB's recommendations relating to Commerce's countervailing duty investigation of ripe olives from Spain. On July 6, 2022, Commerce initiated a section 129 proceeding. *See Notice of Commencement of a Compliance Proceeding Pursuant to Section 129 of the Uruguay Round Agreements Act,* , 87 Fed. Reg. 41,109. (July 7, 2022)

12. On September 23, 2022, Commerce issued the Preliminary Determination Memorandum, which continued to find Section 771B applicable. Commerce continued to attribute

...

subsidies received by growers of certain raw olives to the responding processors of ripe olives in the investigation.  *Section 129 Preliminary Determination* (Sept. 23, 2022) at pp. 11-19.

13. October 11, 2022, the Government of Spain ("GOS"), the European Commission ("EC"), the ASEMESA, Agro Sevilla, Camacho, and Musco filed their comments on Commerce's Section 129 Preliminary Determination.

14. On October 17, 2022, Commerce notified interested parties that it was providing parties with an opportunity to submit rebuttal factual information and to resubmit case briefs to allow parties time to incorporate additional arguments in response to any rebuttal factual information.  *Letter from Commerce on Ripe Olives from Spain: Deadline for Submission of Factual Information and Extension of Deadline for Case and Rebuttal Briefs*.

15. On October 24, 2022, the GOS and ASEMESA, Agro Sevilla, and Camacho submitted rebuttal factual information.

16. On October 31, 2022, ASEMESA, Agro Sevilla, and Camacho and Musco, filed new comments on preliminary determination. On November 14, 2022, Musco filed a rebuttal brief.

17. On December 20, 2022, Commerce issued its Section 129 Final Determination.  In that determination, Commerce continued to affirmatively apply Section 771B and find that subsidies received by growers of certain raw olives were received by the processions of ripe olives subject to the investigation.  *Section 129 Final Determination* at pp. 19-21. Specifically, Commerce found that, because "55.28 percent of the manzanilla, gordal, hojiblanca, and carresquena produced (i.e., the prior stage product) were processed into table olives (i.e., the latter stage product), . . . ,  the demand for these biologically distinct table

and dual-use varietals is substantially dependent on the demand for processed table olives," within the meaning of 19 U.S.C. § 1677-2. *Section 129 Final Determination* at 28.

18. On January 12, 2023, the U.S. Trade Representative directed Commerce to implement the determination. *Letter from Ambassador Katherine C. Tai to Secretary of Commerce, Gina Raimondo, directing Commerce to implement determination*. On January 19, 2023, the Section 129 Determination was published in the Federal Register. *Ripe Olives From Spain: Implementation of Determination Under Section 129 of the Uruguay Round Agreements Act*, 88 Fed. Reg. 3,384 (Jan. 19, 2023).

## STATEMENT OF CLAIMS

19. In the following respects, and for other reasons apparent from the administrative record of Commerce's Section 129 proceeding, the *Section 129 Final Determination* is not supported by substantial evidence on the record and is otherwise not in accordance with law.

   **Count 1:** The Department's determination that demand for its designated "prior stage product" is "substantially dependent" on demand for its designated "latter stage product", within the meaning of 19 U.S.C. 1677-2, is contrary to law as it applies an erroneous "substantially dependent" standard.

20. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 19.

21. Under Section 771B of the Tariff Act of 1930, in the case of an agricultural product processed from a raw agricultural product, Commerce is permitted to impute subsidies received by growers of the raw agricultural product to the producers of the processed product provided two criteria are met: (1) the demand for the prior stage product is substantially dependent on the demand for the latter stage product, and (2) the processing operation adds only limited value to the raw commodity . . . . 19 U.S.C. § 1677-2.

22. In finding that the first condition under Section 771B was met in its *Section 129 Final Determination*, Commerce applied an erroneous standard for determining that demand for the prior stage product it identified in the proceeding was "substantially dependent" on demand for the latter stage product.

   **Count 2:** Even assuming the Department applied a legally correct "substantially dependent" standard, its determination that demand for its designated "prior stage product" is "substantially dependent" on demand for its designated "latter stage product", within the meaning of 19 U.S.C. 1677-2, is not supported by substantial evidence and therefore unlawful.

23. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 22.

24. Even assuming that Commerce applied a legally correct "substantially dependent" standard under 19 U.S.C. § 1677-2, its calculation that 55.28 percent of the manzanilla, gordal, hojiblanca, and carresqueña produced (i.e., the prior stage product) were processed into table olives (i.e., the latter stage product) is not supported by substantial evidence.

**PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court enter judgment as follows:

(A)  Enter judgment in favor of Plaintiffs;

(B)  Hold as unlawful Commerce's implementation of Determination under Section 129 of the Uruguay Round Agreements Act on Ripe Olives from Spain that are the subject of this Complaint,

(C)  Remand this proceeding to Commerce with instructions to publish a revised Determination under Section 129 in conformity with the Court's decision; and

(D)  Grant Plaintiffs such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Matthew P. McCullough

Matthew P McCullough

**Curtis Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
202-452-7373

*Counsel for Plaintiffs*

Dated: 02/27/2023